GRACE M. SATTENSTEIN, Appellant, *v.* CHARLES SATTENSTEIN, Respondent.

First Department, December 24, 1934.

*Wayne M. Musgrave,* for the appellant.

*Alexander Roth,* appearing specially for the respondent.

GLENNON, J. The respondent on the 29th day of June, 1934, in the county of New York, was served with a summons and complaint in an action for absolute divorce, together with a notice of motion for counsel fees returnable on the 16th day of July, 1934, at Special Term. Apparently by the consent of the parties, the hearing on the motion was adjourned until July twenty-third. Respondent in turn moved to dismiss the complaint on the ground that " plaintiff was not at the time of the commencement of this action and is not now a resident of the State of New York." Both motions came on to be heard simultaneously.

On August eighth the court at Special Term entered a short form order which reads in part as follows: " Upon the foregoing papers (in) this motion to dismiss complaint is granted. The clerk is directed to enter judgment in favor of the defendant against the plaintiff dismissing the complaint for lack of jurisdiction, with costs. The proof submitted in support of this motion to dismiss plaintiff's complaint conclusively established as a fact and without contradiction that at the time of the commencement of the action the plaintiff was a *bona fide* resident of the State of New Jersey and was not therefore entitled to maintain the action under section 1147, C. P. A. Nor did the plaintiff dwell within the State of New York as provided for in section 1166 C. P. A."

On the same day an additional order was entered dismissing the application for counsel fees. The judgment was entered, pursuant to the directions of the court, on September 11, 1934.

The first question to be determined upon this appeal is concisely stated by respondent's attorney. It is, " At the time of the commencement of the divorce action by appellant did she, or did she not reside within the State of New York? " Our answer thereto is that this record shows that appellant was a *bona fide* resident of the State of New York at the time the action was instituted. The affidavits submitted in opposition to respondent's motion to dismiss for lack of jurisdiction show that plaintiff took up a permanent residence in the borough of Manhattan, State of New York, on April 28, 1934.

Section 1147 reads in part as follows:

" Action for absolute divorce. In either of the following cases, a husband or a wife may maintain an action against the other

party to the marriage to procure a judgment divorcing the parties and dissolving the marriage by reason of the defendant's adultery:

\* \* \* \* \* \* \*

" 4. Where the offense was committed within the state and the *injured party when the action is commenced is a resident of the state.*"

Section 1166 provides: " Residence of married woman in action for divorce or separation. If a married woman dwells within the state when she commences an action against her husband for divorce or separation, she is deemed a resident thereof, although her husband resides elsewhere."

We have determined, therefore, that the court erred in dismissing the complaint.

The appeal from the order dismissing the application for counsel fees presents a different question. Had the court at Special Term considered this application upon the merits the motion undoubtedly would have been denied with leave to renew upon papers which might indicate that plaintiff had a reasonable probability of success. In order to sustain her charges as to the alleged adulteries, since plaintiff is not competent to testify, it will be necessary to base her application on the affidavits of witnesses, who may be in a position to state facts and circumstances and not mere conclusions. Consequently, appellant will be permitted to renew her application at Special Term upon sufficient papers, and respondent will have a full opportunity to be heard upon the question of an allowance of counsel fees.

The order dismissing the complaint and the judgment entered thereon should be reversed, with costs, and the motion to dismiss denied, with ten dollars costs. The order dismissing plaintiff's motion for alimony and counsel fees should be affirmed, with leave to renew at Special Term upon proper papers. The appeal from the order denying motion for reargument should be dismissed.

Finch, P. J., Townley and Untermyer, JJ. concur; Merrell, J., dissents and votes for affirmance of the judgment.

Order dismissing the complaint and the judgment entered thereon reversed, with costs, and the motion to dismiss denied, with ten dollars costs; order dismissing plaintiff's motion for alimony and counsel fees affirmed, with leave to renew at Special Term upon proper papers; and appeal from order denying motion for a reargument dismissed.